**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS RIOS and MARIA ELENA RIOS, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70172 <br><br> Agency Nos. A072-535-604 <br> A072-535-605 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2010[**]

Before:    GOODWIN, RYMER, and GRABER, Circuit Judges.

Jose Luis Rios and Maria Elena Rios, husband and wife and natives and

citizens of Peru, petition pro se for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen removal proceedings. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F. 3d 988, 992 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed more than ten years after the BIA's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)(motion to reopen must be filed within ninety days of final order of removal).

We lack jurisdiction to review petitioners' contention that they did not receive the BIA's 1997 decision because petitioners failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We also lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceeding, *see Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002)[1], and its underlying order dismissing petitioners' appeal from the immigration judge's decision denying suspension of deportation, *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[1]To the extent that this court might have jurisdiction over the denial of *sua sponte* reopening, *see Kucana v. Holder*, 130 S. Ct. 827 (2010), we find the agency did not abuse its discretion in denying such relief.